B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven Jukovic, Paul Junkovic, and Mrika Junkovic | Katherine E. Gast Crook |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Law Office of Charles R. Bonini, LLC 312-532-7393<br>6127 S. University Ave. #1179, Chicago, IL 60637 | |

| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. 523(a)(6) action to determine dischargeability of a debt

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Katherine E. Gast Crook | BANKRUPTCY CASE NO. 25 B 03638 | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Illinois | DIVISION OFFICE Eastern | NAME OF JUDGE Slade |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE 06/09/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Charles R. Bonini |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Katherine E. Gast Crook | ) | Bankruptcy Case 25 B 03638 |
| | ) | |
| Debtor, | ) | Judge Slade |
| _____ | ) | |
| | ) | |
| Steven Junkovic, Paul Junkovic, | ) | |
| Mrika Junkovic | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. |
| | ) | |
| Katherine E. Gast Crook | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**
**OWED TO STEVEN JUNKOVIC, PAUL JUNKOVIC, AND MRIKA JUNKOVIC**

NOW COMES the Plaintiffs, Steven Jukovic, Paul Junkovic, and Mrika Junkovic ("Plaintiffs"), by and through their attorney, Charles Bonini of the Law Office of Charles R. Bonini, LLC, and its Complaint against Katherine E. Gast Crook ("Defendant"), brought pursuant to 11 U.S.C. §523(a)(6) of the United States Bankruptcy Code, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(d) of the United States District Court for the Northern District of Illinois.

2. This is a core proceeding brought pursuant to 28 U.S.C. §157(b)(2)(I) and brought as an adversary proceeding under Federal Rules of Bankruptcy Procedure 7001.

3. This is a claim for relief brought pursuant to 11 U.S.C. §523(a)(6).

4. The Northern District of Illinois is the proper venue for this complaint pursuant to 28 U.S.C. §1409(a).

## BACKGROUND FACTS

5. Plaintiffs entered into a contract with Defendant on May 2, 2019 for the construction of a mausoleum. See Exhibit A.

6. Plaintiffs paid $300,000.00 to Defendant for the construction of the mausoleum.

7. Defendant promised to complete construction of the mausoleum by November 2019.

8. Plaintiffs intended the mausoleum to inter the remains of Filip Junkovic ("Filip") for perpetuity.

9. The mausoleum would also serve as a final resting place for additional family members who passed away after its construction.

10. Defendant accepted the payment of Plaintiffs but failed to construct the mausoleum.

11. Plaintiff failed to undertake any steps towards the construction of the mausoleum, except that a subcontractor was hired to provide initial blueprints.

12. Plaintiff engaged in a pattern of practice of avoiding Plaintiffs, making excuses for unexplained delays in the construction, and failed to take any meaningful steps towards the fulfillment of her obligations under the contract.

13. As of the filing of the petition for bankruptcy relief, the mausoleum construction has not begun.

14. Plaintiff has not refunded any money to Plaintiffs.

15. Plaintiffs experienced significant and lasting emotion trauma due directly to the actions and conduct of Defendant, in addition to the financial loss.

16. Defendant, through her actions of making and breaking promises, deceiving Plaintiffs, and ultimately failing to perform under the contract, directly caused Plaintiffs to remain in a state of emotion limbo because they were unable to put Filip to his final resting place. Plaintiffs were prevented from mourning and remembering Filip in the manner in which they desired.

17. On June 21, 2023 Plaintiffs filed suit against Defendant, naming as defendants Katherine E. Gast Cook and Gast Monuments, Inc. in the Circuit Court of Cook County, IL.

18. The Circuit Court Judge entered judgment in favor of Plaintiffs and against Defendant on October 25, 2023 in the amount of $300,000.00 plus costs and included a finding of malice." See Exhibit B.

19. In response to a post-judgment motion under 735 ILCS 5/2-1401 to vacate the judgement, and after an evidentiary hearing, the Circuit Court judge found the Defendant, "is completely lacking in credibility." Exhibit C.

20. Defendant together with her related business entity, Gast Monuments, are subject to multiple lawsuits and over 100 complaints filed with the Illinois Attorney General's office alleging similar conduct during the same timeframe.

21. Defendant's outrageous conduct became so unabashed that while she was actively causing injury to Plaintiffs, she bragged on social media of her high-spending, world-traveling lifestyle.

**CLAIMS FOR RELIEF**

**COUNT I**

**Exceptions From Discharge Of Debt Pursuant To 11 U.S.C. §523(a)(6)**

22. Plaintiffs restate all allegations set forth in Paragraphs 1-21 as Paragraph 22 of Count I.

23. 11 U.S.C. §523(a)(6) states in pertinent part as follows: A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt […] (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

24. The exception to discharge for certain debts for willful and malicious injury by the debtor to another entity or to the property of another entity, under section 523(a)(6) has three elements: (1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. *Braverman v. Braverman*, 463 B.R. 115, 119 (Bankr. N.D. Ill. 2011)(quoting Glucona Am., Inc. v. Arvdisson, 272 B.R. 346, 356 (Bankr. N.D. Ill. 2001)).

25. The 7th circuit defined a willful and malicious injury that warrants "precluding discharge in bankruptcy of the debt created by the injury, is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai, et al. v. Larsent,* 677 F.3d 320, 324 (7th Cir. 2012).

26. There can be no doubt Plaintiffs suffered an injury by Defendant's conduct. Plaintiffs experienced severe emotional trauma and distress because of Defendant's complete unwillingness to follow through on her legal promise to construct a family mausoleum. Plaintiffs sought a final resting place to mourn and remember Filip, but have been held in a state of emotional torture and limbo. Their grief over his passing was compounded and perpetuated by Defendant's conduct.

27. An injury is commonly "understood to mean a 'violation of another's legal right, for which the law provides a remedy.'" *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) citing *In re Lymberopoulos,* 453 B.R. 340, 343 (Bankr.N.D.Ill.2011) (citation omitted). Plaintiffs' rights both under contract and to be free from suffering emotion distress were violated by Defendant. Legal recourse for both those rights clearly exists.

28. Defendant's conduct was willful: she entered into a contract, accepted payment, made promises of construction, corresponded with Defendants to make excuses for the non-construction, then chose to stop performing with the full knowledge of the consequences on the Plaintiffs. Defendant knew or should have known that her egregious conduct towards individuals dealing with such sensitive matters was certain to cause severe emotional harm. She knew that her conduct would prevent Plaintiffs from the healing that final burial can provide.

29. Malicious conduct is that which was undertaken "in conscious disregard of [his] duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Matter of Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994).

30. There is no possible excuse or justification for the conduct of Defendant. She appears to have simply used Plaintiffs' payments to fund her lavish lifestyle without any intention of actually performing under the contract. Defendant exploited the sincere desire for healing and remembrance expressed by Plaintiffs as a means of funding an otherwise unobtainable lifestyle.

31. The practice of entering into contracts to assist grieving families lay their loved ones to rest, accepting payment, and then showing utter disregard for not only the legal promises

but the emotional well-being of her clients evidences a pattern of practice of willful and malicious injurious conduct.

32. This conduct rises beyond a mere breach of contract action. Defendant engaged in a knowing and intentional scheme to make money from the grieving Plaintiffs while showing total disregard for their emotional state and the traumatic harm she would cause.

## CONCLUSION

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Jendusa-Nicolai,* 677 F.3d at 324 (citing *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 367). The conduct of the Defendant clearly demonstrates a wanton, selfish desire to treat her grieving clients as funding sources for a lavish lifestyle. She preyed upon not only these plaintiffs but dozens of others who wanted nothing more than to lay their loved ones to rest in a place to provide healing, remembrance, and respite from grief. Plaintiffs expected Defendant to assist them through a sensitive and raw emotional time, but instead Defendant's outrageous and malicious conduct poured salt in their wounds. Certainly this conduct shows that she is not the honest but unfortunate debtor deserving of a fresh start from her debts.

WHEREFORE, Steven Jukovic, Paul Junkovic, and Mrika Junkovic respectfully request that this Court find the debt owed to Steven Jukovic, Paul Junkovic, and Mrika Junkovic non-dischargeable pursuant to 11 U.S.C. §523(a)(6), and for further relief as this Court deems just.

Respectfully submitted,

Steven Jukovic, Paul Junkovic, and Mrika Junkovic

By:     /s/ Charles R. Bonini

Attorney for Plaintiffs


Charles R. Bonini
Law Office of Charles R. Bonini, LLC
6127 S. University Ave. #1179
Chicago, IL 60637
312-532-7393
charles@onechicagolaw.ocm

Case 25-03638  Doc 26  Filed 06/09/25  Entered 06/09/25 16:53:59  Desc Main
Document  Page 10 of 14

FILED DATE: 6/21/2023 11:28 AM  20232002100

EXHIBIT A

# Gast Monuments, Inc.

**MAIN STUDIO & PLANT**
1900 WEST PETERSON
CHICAGO, IL 60660
(773) 262-2400  ☒

**NORTH SUBURBAN STUDIO**
24 SOUTH RIVER ROAD
DES PLAINES, IL 60016
(847) 297-8600  ☐

ESTABLISHED IN 1880

DATE: 5/2/19

PRICE SUBJECT TO REVIEW IN 30 DAYS

PRICE $ 239,840.00

EXTRAS —

PURCHASER: Steve + Paul Junkovic

SUB TOTAL: 239,840.00
RET. OCC. TAX: Included

EMAIL:

PHONE: C/H/W

CEMETERY CHARGE $: Not Included  C/H/W

ADDRESS:

CEMETERY PRICES SUBJECT TO CHANGE

CITY:    STATE:    ZIP:

TOTAL: 239,840.00

TERMS: 100,000 deposit - 100,000 @ layout approval
Balance @ production midpoint

DEPOSIT: 100,000.00

BALANCE:

DELIVERY: By Nov. 2019   PRODUCT: Mauso   MATERIAL: Barre / Am. Black

GRAVE:  SUB:  LOT:  BLOCK:  SECTION:   CEMETERY: All Saints

VEN:  FD.ORD:  I/S:  LAY:  S/C:  INV:

LAST NAME ON MEMORIAL: Junkovic   LAYOUT FOR INSP.  YES ☐  NO ☐

**LOT LAYOUT**

10 crypt / 16 niche
(2 sub set)

_____

※ Designs to be signed off before production start

UPON ACCEPTANCE OF THIS ORDER PLEASE EXECUTE AND DELIVER THE MONUMENT WORK HEREIN DESCRIBED IN ACCORDANCE WITH THE SPECIFICATIONS HEREIN SET FORTH SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF, WHICH ARE MADE A PART HEREOF.



PURCHASER: [signature]

ACCEPTED: Katherine Gast-Cook

ORD.#

STONESPOT #

THIS IS YOUR COPY - RETAIN THIS WITH YOUR CEMETERY RECORDS

FILED DATE: 6/21/2023 11:28 AM    20232002100

### THIS ORDER CONTAINED ON THE REVERSE SIDE HEREOF IS
### SUBJECT TO THE FOLLOWING:

The spelling, the dates and the layout, as suggested by Gast Monuments, and approved by the purchaser is considered the best composition. After approval by the purchaser, Gast Monuments shall not be responsible for any error by purchaser.

A variation of not more than 3% in any dimension shall constitute full compliance hereunder.

For duplicate work it is understood and agreed that Gast Monuments, Inc. will not guarantee exact fractional sizes, match in color or pattern of rustic finish.

Foundation and setting rules of cemetery.

**Delivery time indicated is estimated.**

Delays occasioned by fire, flood, strikes, labor difficulties, Acts of God, or causes beyond the seller's control.

Any costs and attorney's fees incurred by seller as a result of purchaser's default shall be paid by said purchaser.

Where the cemetery company places the markers, delivery thereof to the cemetery shall constitute full compliance hereunder.

Unless special terms have been agreed upon, final payment is due 30 days from the date of invoice. A 2% per month service charge will be made on all delinquent accounts. If full payment is not made within 6 months, the purchaser shall be considered in default.

In case of default, the seller will have the right to declare the contract at an end and has the right to take immediate possession of the described property and all payments made hereon, shall belong to and be retained by the seller. Any additional cost incurred by the seller, due to default by the purchaser, shall be the responsibility of the purchaser.

The purchase price stated in this agreement covers only the goods and services specifically provided for in said agreement. **Said purchase price does not include charges for future goods, future lettering, or services.**

RETAIL OCCUPATIONAL TAX TO BE ASSUMED BY THE
PURCHASER AS WRITTEN INTO THE CONTRACT.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SECOND DISTRICT - LAW DIVISION

STEVEN JUNKOVIC, PAUL JUNKOVIC )
and MRIKA JUNKOVIC )
)
Plaintiffs, )
) No. 2023 M2 002100
vs. )
) Line # 11
GAST MONUMENTS, INC., an Illinois Corporation )
and KATHERINE GAST CROOK )
)
Defendants. )

JUDGMENT ORDER

This matter coming on the be heard on the call of this court with the Plaintiff having filed a verified three count complaint and with both Defendants being duly served and not filing an appearance or answer. With notice being sent to the Defendants of this hearing and that a request for a finding of Malice would be made. With the Court being advised that a production request had been sent to Defendant Crook for pertinent records without any response.

That based upon the allegations in Count II and Count III of the Verified complaint the Defendant Katherine Gast Crook intentionally and maliciously took the Plaintiffs' property when she knew the Plaintiffs trusted and relied upon her to see to their loved on had a final resting place and used it for her own enjoyment and bragged in social media as she spent the money.

IT IS ORDERED:

1. Defendants are in default for failure to appear or answer.

2. Judgment is entered against Gast Monuments, Inc. and Katherine Gast Crook for $300,000.00 and costs with a finding that malice is the gist of the action as to Katherine Gast Crook.

3. A copy of this Order shall be mailed to the Defendants by the Plaintiff.

Dated: 10-25-23                     ENTER:

Judge James L. Allegretti
OCT 25 2023
Circuit Court - 2165

Attorney Number  10476
Leon C. Wexler PC
1104 SE 10th Court
Deerfield Beach, Florida 33441
312-218-8810 Fax 312-218-8810
Email: Wexlaw@att.net

1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SECOND DISTRICT   LAW DIVISION

| | |
|---|---|
| STEVEN JUNKOVIC, PAUL JUNKOVIC and MRIKA JUNKOVIC | ) ) ) |
| Plaintiffs, | ) ) ) No. 2023 M2 002100 |
| vs. | ) ) |
| GAST MONUMENTS, INC., an Illinois Corporation and KATHERINE GAST CROOK | ) Room 204 ) 10 AM 8-7-2024 ) |
| Defendants. | ) |

## 2-1401 JUDGMENT ORDER

This matter coming on the be heard for argument pursuant to the prior order of court with counsel for both parties present by Zoom.

With the movant having argued that the respondent to this motion under 2-1401 has failed to present either case law or admissible facts that would constitute a defense to the entry of the judgment that was entered by the court. Further that the court on a default hearing could not have entered the judgment which included a malice count.

The respondent argued that judgments must have stability, however, 2-1401 is an equitable proceeding and if the requirements are met a judgment should be set aside. The requirement of due diligence is fundamental to success under the statute. The defendant was served and waited seven months before an appearance was filed. The defendant received notice of judgment and waited four months before an appearance was filed. Under no circumstances should a court find that is due diligence. Nevertheless, going to a meritorious defense the other case alluded to during the evidentiary hearing, excerpts of which are attached to the motion for sanctions that was filed on August 5, 2024. is a suit by the defendant's uncles for her taking assets from the company. Further her claim that she never heard from the Plaintiffs after 2020 was clearly rebutted by the five pages containing dozens of texts and emails. That on this equitable proceeding it would be absolutely wrong to make these Plaintiffs, who were grieving for years and begging for the mausoleum to put their loved one at rest, should be forced to relive this again during a trial.

THE COURT FINDS:

1. That after having heard the testimony of the Defendant Crook, she is completely lacking in credibility. ~~Her testimony was replete with false statements.~~

2. That Crook denied that she had any contact from the Plaintiffs since 2020. In fact, the emails, texts and testimony of Junkovic completely contradict that.

1

3. Crook contended that the Plaintiffs wanted to give her $100,000.00 in cash. After ~~hearing the testimony from~~ Steven Junkovic ~~it was clear to the court that was her doing.~~ Stated cash was her Idea

4. That waiting for as long as she did before appearing before his court is completely lacking in Due Diligence. Saying some unnamed lawyer who does not do litigation does not relieve her from her obligation.

Accordingly the Court finds that the statements in the affidavit and during the oral testimony by Crook are completely lacking in credibility which precludes the exercise of the Court's discretion in this case which could vacate the judgment.

4. That this Court received the motion of the Plaintiffs for sanctions against Katherine Gast Crook this morning. The counsel for the Defendant acknowledged that he previously received that motion which was filed on August 5, 2024.

5. Without having reviewed that motion or a briefing by the parties relating thereto it would seem to the Court that allowing the judgment to remain in place might be sufficient. Nevertheless, a briefing schedule will be set.

IT IS ORDERED:

1. That the Defendants' 2-1401 Motion is denied because the Defendants, who have the burden of proof, have failed to show credible testimony of due diligence or a meritorious defense.

2. That the Motion for sanctions is entered and continued until October 9, 2024 at 1:30 p.m. by zoom at Zoom.com ID 98728039610 Password 204204 Phone 312-626-6799.

3. That the Defendant Crook has until September 4, 2024 to answer or otherwise plead to the Motion. Plaintiff has until September 18, 2024 to Reply. Movant to provide copies to the Court at least 7 days before hearing.

Dated: 8-7-24        10-9        ENTER: [signature]        Judge James L. Allegretti
                     1:30pm      JUDGE                      AUG 07 2024
                                                            Circuit Court - 2165

Attorney Number   10476
Leon C. Wexler PC
1104 SE 10th Court
Deerfield Beach, Florida 33441
312-218-8810 Fax 312-218-8810
Email: Wexlaw@att.net

2